# UNITED STATES DISTRICT COURT

FOR THE _____ District of _____ PUERTO RICO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| **Harold RIVERA-RODRIGUEZ** | Case Number: 97-CR-082-44 (SEC) |
| | USM Number: 15595-069 |
| | Max PEREZ BOURET, Esq. AFPD. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  admitted guilt to violation of condition(s)  Standard Condition 2, and Conditions 3 & 11.

☐  was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Standard Condition # 2 | The defendant failed to submit a truthful and complete written report within the first five days of each month. | February 7, 2006 |
| Condition # 3 | The defendant failed to report to the U.S. Probation Office. | November 23, 2005 |
| Condition # 11 | The defendant failed to notify the probation officer that was arrested. | February 7, 2006 |

The defendant is sentenced as provided in pages 2 through __3a__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: _____

Defendant's Date of _____

Defendant's Residence Address:

Defendant's Mailing Address:

December 21, 2006
Date of Imposition of Judgment

S/ SALVADOR E. CASELLAS
Signature of Judge

SALVADOR E. CASELLAS, SENIOR U.S. DISTRICT JUDGE
Name and Title of Judge

December 21, 2006
Date

**A/cs: 2 USM, 1 BOP**
 **S/cs: USM, USPO, PTSO**

DEFENDANT: **Harold RIVERA-RODRIGUEZ**
CASE NUMBER: 97-CR-082-44 (SEC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **Time served**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**DEFENDANT:**     Harold RIVERA-RODRIGUEZ
**CASE NUMBER:**   97-CR-082-44 (SEC)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  Ten (10) Months
**UNDER THE FOLLOWING TERMS AND CONDITIONS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to a drug test within 15 days of release from imprisonment, and thereafter submit to a random test, not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If any such samples detects substance abuse, the defendant shall participate in a drug treatment program (in patient or out patient) in accordance with such policy. The defendant is required to contribute to the cost of services rendered (co-payment) based on the ability to pay or availability of third party payments, as approved by the Court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**DEFENDANT:** Harold RIVERA-RODRIGUEZ
**CASE NUMBER:** 97-CR-082-44 (SEC)

## ADDITIONAL SUPERVISED RELEASE TERMS

**1.** The defendant shall reside for a period of sixty (60) days at the Drug Rehabilitation Program Santisima Trinidad. Upon his release, the defendant shall continue to participate in an outpatient drug program once he is in the community and submit himself to random urinalysis, not to exceed 104 samples per year, in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. The defendant is required to contribute to the cost of services rendered (co-payment) based on the ability to pay or availability of third party payments, as approved by the Court.

**2.** The defendant shall participate in vocational training and/or job placement program recommended by the U.S. Probation Officer.

**3.** The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**4.** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**5.** The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the revised DNA Collection requirements, and Title 18 U.S.C. § 3563(a)(9).