**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA

  vs.                                                  Case. No.: 3: 97-CR-0082-044(SEC)

HAROLD RIVERA-RODRIGUEZ
T/N HAROLD RIVERA-MIRANDA
*****************************

**SUPPLEMENTAL MOTION CHARGING NEW CRIMINAL CONDUCT**

TO THE HONORABLE SALVADOR E. CASELLAS
SENIOR U.S. DISTRICT JUDGE
DISTRICT OF PUERTO RICO

      **COMES NOW, VICTOR M. CANINO U.S. PROBATION OFFICER of this Honorable Court,** presenting the following supplemental report to motion filed December 28, 2006, docket entry 3351 on Mr. Harold Rivera-Rodríguez.

      On April 16, 1999, Mr. Harold Rivera-Rodríguez was sentenced to eighty-seven (87) months of imprisonment after pleading guilty to violating Title 18 U.S.C. § 846. A four (4) year supervised release term was also imposed with the following special conditions: Mr. Rivera-Rodríguez was ordered to submit to urinalyses, engage in treatment, if necessary, and participate in vocational training and job placement programs. He was further ordered to pay a $100.00 special monetary assessment.

      On December 6, 2005, the United States Probation Officer filed a motion requesting an arrest warrant based on the fact that Mr. Rivera-Rodríguez would not report to the United States Probation Office. The motion was granted and an arrest warrant was issued.

Subsequent to the motion being filed, Mr. Rivera-Rodríguez was arrested on February 7, 2006, for possession with intent to distribute cocaine and heroin. This case was scheduled for trial on February 8, 2007, in the Ponce Superior Court. On April 15, 2008, a call was made to Ponce

Superior Court personnel. They indicated that Subject has failed to appear and that the next hearing date is in on May 7, 2008.

On December 21, 2006, Mr. Rivera-Rodríguez appeared before the Court and his term of supervised release was revoked. The Court sentenced Mr. Rivera-Rodríguez to time served and ten months of supervised release with the following special conditions:

The defendant shall reside for a period of sixty (60) days at the Drug Rehabilitation Program, Santísima Trinidad. Upon his release, Mr. Rivera Rodríguez shall continue to participate in an outpatient drug program and submit to random urinalysis, not to exceed 104 samples per year, in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. The defendant is required to contribute to the cost of services rendered (co-payment) based on the ability to pay or availability of third party payments, as approved by the Court.

The defendant shall participate in vocational training and/or job placement program recommended by the U.S. Probation Officer. The defendant shall submit his/her person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
The defendant shall obtain prior written approval from the Court before entering into any self-employment.

The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code §3563(a)(9).

On December 26, 2006, the United States Probation Office received a call from Satisima Trinidad Program Staff indicating that Mr. Rivera-Rodríguez had absconded from the in-patient drug program on Sunday December 24, 2006.

On December 28, 2006, this writer submitted a request asking the Court to issue a warrant based on offender having violated the special condition, to wit, abandoning 60 day in-patient treatment at Santisima Trinidad. (SEE DOCKET ENTRY 3351)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

*VIOLATION OF STANDARD CONDITION:* **The defendant shall commit another federal, state, or local crime.**

While absconded from supervision Mr. Rivera-Rodríguez was arrested on June 2, 2007, for carjacking. Subsequent to the arrest, Mr. Rivera-Rodríguez was indicted on June 27, 2007, and pled guilty on October 26, 2007, to one count of Robbery of a Motor Vehicle with Intent to Cause Bodily Harm, in violation of 18 U.S.C. § 2119(1).

According to the presentence report, Mr. Rivera-Rodríguez approached a 61 year old woman in a parking lot while she was unloading her vehicle. Upon approaching her, he violently grabbed her by the neck and forced her face down inside the vehicle. While pushing her face down, the woman felt something hard pressing against her head. Mr. Rivera-Rodríguez told her that he had a gun that if she yelled or looked up he would kill her. While keeping pressure on the back of her

head, Mr. Rivera-Rodríguez began to rifle through the woman's purse and found three dollars. Becoming upset that the woman only had three dollars, Mr. Rivera-Rodríguez yelled that there had to be more money or else he would kill her. The woman now wedged between the seats of the vehicle and fearing for her life, told Mr.Rivera-Rodríguez to look in the truck of the vehicle. She then gave Mr. Rivera-Rodríguez the keys to the vehicle. Mr. Rivera-Rodríguez then covered the woman's face with a green towel and told that if she looked up he would kill her. After returning from the trunk of the vehicle, Mr. Rivera-Rodríguez ordered the woman out of the car. As she was wedged between the seats of the vehicle she could not get out. Mr. Rivera-Rodríguez then grabbed the woman by the armpits and threw her out of the vehicle and drove away. Moments later, police officers spotted the vehicle being driven by Mr.Rivera-Rodríguez and arrested him.

On December 3, 2007, the victim was interviewed. She reported that following the carjacking, she was hospitalized. Though she did not suffer any serious physical damage, she was severely bruised in her arms and legs. She added that she could not walk, or move, for one month due to her injuries. She also described how she has been affected psychologically. The victim stated that since the carjacking, she has been afraid of strangers and has been paranoid of something happening to her. She is also afraid of retaliation from Mr.Rivera-Rodríguez' friends and requested that the Court punish Mr. Rivera-Rodríguez to the maximum sentence possible.

On February 7, 2008, Mr. Rivera-Rodríguez was sentenced under criminal case 07–00265-001-(JAG). According to the Judgement and Commitment Order, Mr. Rivera-Rodríguez was sentenced to ten (10) years to be followed by a three (3) year term of supervised release.

**WHEREFORE**, I declare under penalty of perjury that the foregoing is true and correct and unless the Court rules otherwise, it is respectfully requested that a hearing be held in order to revoke Mr. Rivera-Rodríguez' term of supervised release.

In San Juan, Puerto Rico, this 15th day of Aril 2008.

        Respectfully submitted,

        EUSTAQUIO BABILONIA, CHIEF
        U.S. PROBATION OFFICER

        S/<u>Víctor M. Canino</u>
        U.S. Probation Officer
        150 Carlos Chardón Avenue
        Federal Office Building, Room 400
        San Juan, PR 00918
        (787) 771-3629
        (787) 771-4063
        victor_canino@prp.uscourts.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on, April 15, 2008, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system which will send notification of such filing to the following: Rosa Rodríguez, U.S. Attorney, and Joseph Laws of the United States Federal Public defenders Office.

At San Juan, Puerto Rico this 15th day of April 2008.

        S/<u>Víctor M. Canino</u>
        U.S. Probation Officer
        150 Carlos Chardón Avenue
        Federal Office Building, Room 400
        San Juan, PR 00918
        (787) 771-3629
        (787) 771-4063
        victor_canino@prp.uscourts.gov